IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CT-3192-M

| | |
|---|---|
| RUSSELL LEE WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| SGT. D. MOORE, | ) |
| Defendant. | ) |

On June 30, 2021, Russell Lee Watkins ("plaintiff"), a state pretrial detainee proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. [D.E. 1, 2, 7].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the following reasons, dismisses the complaint for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff alleges that, although the Wake County Public Safety Center agreed to give him tuna on his dinner tray pursuant to his pescatarian diet, on February 20, 2020, and November 23, 2020, food services supervisor D. Moore ("defendant") failed to provide tuna. Compl. [D.E. 1] at 3–5. When plaintiff returned these trays to the kitchen, no one was available to fix a new tray. Id. at 5–6. Plaintiff asserts that, although peanut butter was on these trays, defendant knows plaintiff doesn't eat peanut butter. Id. at 6. Plaintiff complains that defendant went home on those dates "before making sure that his job was done." Id. As to his injury, plaintiff asserts he experienced "just hunger/and dizziness from lack of food" because, on those dates, he did not have

2

anything to eat after lunch at 10:30 to 11:00 a.m. until 4 or 4:30 a.m. the following day. Id. at 6. For relief, plaintiff seeks $2.5 million in monetary damages. Id. at 7.

First, because plaintiff fails to name any federal actor, he also fails to state a cognizable Fifth Amendment claim. See United States v. Hornsby, 666 F.3d 296, 310 (4th Cir. 2012).

Next, courts evaluate the confinement conditions of pretrial detainees under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389, 400–01 (2015). As a practical matter, however, the Due Process Clause analysis is materially indistinguishable from Eighth Amendment analysis. See Brown v. Harris, 240 F.3d 383, 388–89 (4th Cir. 2001).

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a showing that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see also Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Here, because the alleged deprivation–that plaintiff suffered hunger and dizziness when, on two dates several months apart, defendant failed to provide tuna on plaintiff's dinner trays–is not objectively sufficiently serious, plaintiff fails to state a claim of a constitutional dimension.

3

See De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (surviving initial review requires a plausible claim both "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)); De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (noting only "extreme deprivations" – *i.e.*, a "serious or significant physical or emotional injury resulting from the challenged conditions" or a substantial risk thereof – satisfy the objective component of Eighth Amendment conditions-of-confinement claims); Strickler, 989 F.2d at 1379; White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (affirming district court's dismissal of Eighth Amendment claim about missing one meal as indisputably meritless); see also Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999) (holding the fact that a prisoner may have missed a meal does not rise to the level of cruel and unusual punishment); Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."); Islam v. Jackson, 782 F. Supp. 1111, 1114 (E.D.Va. 1992) (finding an inmate's missing one meal as isolated event did not satisfy the objective element of an Eighth Amendment claim).

Next, plaintiff's complaint fails to state a viable equal protection claim. See Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) (finding inmates not a suspect class for equal protection analysis); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").

Finally, because this complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

4

Conclusion:

For the reasons discussed above, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). This dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED, this 1st day of February 2022.

RICHARD E. MYERS II
Chief United States District Judge